Argued and submitted March 25, reversed August 21, 1991

In the Matter of
Lisa Marie Reynolds
and Isaac Jacob Reynolds, Children.

## STATE ex rel JUVENILE DEPARTMENT OF LINCOLN COUNTY
and Children's Services Division,
*Respondents,*

*v.*

Delores Christine REYNOLDS,
*Appellant.*

(900766; CA A67515)

816 P2d 627

Steve Jennings, Lincoln City, argued the cause for appellant. With him on the brief were Michele Longo Eder and Longo Eder & Lovejoy, Lincoln City.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Mother appeals from a judgment terminating her parental rights, which was entered after a default. ORS 419.523. She challenges the denial of her motion to set aside the default order because of improper service of summons. We reverse.

In February, 1990, Children's Services Division (CSD) filed a petition to terminate mother's rights to two of her children. The two children had been within the jurisdiction of the juvenile court since 1987 and in CSD custody since 1989. Mother's exact whereabouts were unknown. She would periodically contact her CSD worker before and after the petition was filed, but she would not tell the worker where she was.

CSD moved for an order allowing service of summons by publication. By the time of that motion, mother had given her CSD worker a post office box address in Newport, which she said was a current address and from which mail was being forwarded to her. CSD did not have any other information about her whereabouts. The affidavit provided to the court in support of the motion was three months old and did not inform the court that CSD had received the post office address for mother. The trial court granted the motion, and summons was published as provided in ORS 419.488(2)(c). Mother learned of the pendency of the termination proceeding before the order of default was entered. After entry of the order, she moved to set it aside, arguing that service was improper, because the summons was not mailed to her at her post office box in accordance with ORCP 7D(6)(d). The trial court denied the motion, concluding that ORS 419.488(2)(c) allows service of summons by publication without mailing when a parent cannot be found within the state and that her whereabouts were unknown when the publication was made. It terminated mother's parental rights after a *prima facie* hearing.

Mother argues that service is governed by ORCP 7D(6)(d), which allows service by publication, but requires that a copy of the summons and complaint be mailed to the defendant if the defendant's post office address is known. Because CSD knew her post office address when publication

was made, she contends that it should have mailed her a copy of the summons and complaint. CSD responds that service in termination cases is governed only by ORS 419.488, which allows for publication when the whereabouts of a parent cannot be ascertained and does not require that a copy be mailed.

The grounds for termination of parental rights are set out in ORS 419.523. ORS 419.525(1) provides, in part, that "[a]n order pursuant to ORS 419.523 may be made *only after service of summons, as provided in ORS 419.488 on the parent or parents.*" (Emphasis supplied.) ORS 419.488 provides, in part:

"(1) Summons or other process issuing from the juvenile court may be served without further indorsement in any county of the state by an officer of the county in which the proceeding is pending, by an officer of the county in which the person to be served is found or by any person authorized by the court to serve the process. *Except as otherwise provided in ORS 419.472 to 419.597,* 419.800 to 419.839 and 419.990(2), the provisions of law or *the Oregon Rules of Civil Procedure applicable to summons in civil cases apply to summons issued from juvenile court.*

"(2) *If any parent or guardian required to be summoned* as provided in ORS 419.486(4) *cannot be found within the state,* summons may be served on the parent or guardian in any of the following ways:

"(a) *If the address of the parent or guardian is known,* by sending the parent or guardian a copy of the summons by registered mail with a return receipt to be signed by the addressee only.

"(b) By personal service outside the state.

"(c) *If, after reasonable inquiry, the whereabouts of the parent or guardian cannot be ascertained,* by publishing a summons in a newspaper having general circulation in the county in which the proceeding is pending. In lieu of the brief statement of facts required by ORS 419.486(2), the published summons shall simply state that a proceeding concerning the child is pending in the court and an order making an adjudication will be entered therein." (Emphasis supplied.)

CSD is correct that service in termination cases is governed by ORS 419.488 and that, if service by publication

under ORS 419.488(2)(c) was an option available in this case, it was not necessary to send a copy of the summons and complaint to mother's address, because subsection (2)(c) does not require it. When ORS 419.488(2) applies, the methods of service provided for are sufficient without reference to ORCP.

◼ We do not agree, however, with CSD's view that every method of service provided in ORS 419.488(2) is equally available when subsection (2) applies, *i.e.*, when the parent cannot be found within the state. Paragraphs (2)(a) and (2)(b) apply when the parent's out of state address or whereabouts are known. Paragraph (2)(c) allows for service by publication *only if,* after reasonable inquiry, the parent's whereabouts cannot be ascertained. It is available *only if* service cannot be made under either paragraph (2)(a) or (2)(b). That conclusion follows the drafters' intent:

> "The notice must be given by that means which, within the practical limitations imposed by circumstances, is most likely to give the parents actual notice of the proceeding. Accordingly, personal service should be used if possible, registered mail if the parents' address outside the state is known, *publication only as the last resort.*" Report of the Legislative Interim Committee on Judicial Administration, Juvenile Law 32 (January 1, 1959). (Emphasis supplied; citation omitted.)

◼ CSD's service by publication pursuant to ORS 419.488(2)(c) was improper in this case, because it did not establish the threshold requirement of subsection (2) that the parent could not be found within this state. When a parent's address in this state, even a post office address, is known, the parent *can* be found within the state, and subsection (2) is inapplicable. It is not disputed that, by the time that the motion for publication was made, mother had provided CSD with a post office address in Oregon from which she said that she could receive mail. Therefore, ORS 419.488(2) did not apply, and summons was required to be accomplished pursuant to ORCP 7D.[1] ORS 419.488(1). CSD admits that it did not comply with the ORCP rules for publication.

---

[1] We also note that the affidavit in support of the motion for service by publication was insufficient, even without considering mother's known post office address. To support service by publication under ORS 419.488(2)(c), CSD had to establish that, after reasonable inquiry, mother's whereabouts could not be ascertained. Although the affidavit chronicles numerous requests for information from various sources in various places, the affiant does not reveal why the inquiries to

Service on mother was defective; therefore, the court was without jurisdiction to terminate her parental rights. ORS 419.492(1). The trial court should have granted mother's motion to set aside the default order and required CSD to make proper service. Its failure to do that was error.[2]

Because of the disposition of the case, we need not address mother's second assignment.

Reversed.

---

those places were reasonable. For example, the only inquiry that was directed to a major metropolitan area in this state was to the Eugene-Springfield area; inquiries were also directed to various smaller communities, including Coos Bay, Pendleton and Milton-Freewater. It may be that CSD had some reason to think that mother might be found in those places and not in others; however, it did not provide that information to the court. Therefore, its affidavit does not support a conclusion that the inquiry was reasonable.

[2] CSD does not argue that mother's actual notice of the termination proceeding was sufficient.